IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

VERDELL MAYS,                )
                             )
    Petitioner,               )
                             )
                             )   No. CIV-16-1289-R
v.                           )
                             )
BRYAN M. ANTONELLI, Warden,[1] )
                             )
    Respondent.               )

## SUPPLEMENTAL REPORT AND RECOMMENDATION

Petitioner, a federal prisoner appearing *pro se*, has filed this Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, seeking sentence credit for time spent in presentence custody. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). Respondent has responded to the Petition. Although advised of his opportunity to reply to the Response, Petitioner has noted filed a reply within the allotted time period.[2] For the following reasons, it is recommended that the Petition be denied.

---

[1] Mr. Antonelli, the current Warden of the Federal Correctional Institution, El Reno, Oklahoma, where Petitioner is confined, is substituted for Mr. Scarantino, the previous Warden of the facility. Fed. R. Civ. P. 25(d).

[2] Respondent has filed a "Notice of Receipt . . ." (Doc. # 15) on April 12, 2017, stating that the U.S. Attorney's office which represents Respondent has received an unfiled reply brief purportedly

1

On August 23, 2012, Petitioner was convicted in the 6th Judicial Circuit Court, Platte County, Missouri, of second degree assault of a law enforcement officer and sentenced to a six year term of imprisonment for the conviction. Response, Ex. 1 (Declaration of James D. Crook) ("Crook Declaration"), Att. 1 (Judgment, State of Missouri v. Verdell D. Mays, Case No. 11AE-CR01234-01). According to the judgment, Petitioner's state sentence commenced on August 23, 2012. Id.

On March 18, 2013, an arrest warrant was issued for Petitioner's arrest on federal charges filed against him in the United States District Court for the District of Kansas. Id., Ex. 1 (Crook Declaration), Att. 2 (Arrest Warrant issued in United States of America v. Verdell Mays, Case No. 12-20141-22-KHV).

Pursuant to an Order for Writ of Habeas Corpus Ad Prosequendum issued by the district court in the federal criminal case, the United States Marshal was directed to produce Petitioner in federal court on May 14, 2013, for federal criminal proceedings. Id., Ex. 1 (Crook Declaration), Att. 3 (Order for Writ of Habeas Corpus Ad Prosequendum issued in United States of America v. Verdell Mays, Case No. 12-20141-22-KHV).

---

authored by Petitioner. A copy of the purported pleading is attached to the "Notice of Receipt . . . ." The Court's docket does not reflect that the purported pleading has been received by the Clerk of the Court for filing, and therefore it should not be considered.

Petitioner subsequently pled guilty to counts one and three of an indictment filed in the federal criminal case. Pursuant to his plea of guilty, Petitioner was convicted of two drug-related federal offenses on May 15, 2014. Id., Ex. 1 (Crook Declaration), Att. 5 (Judgment, United States of America v. Verdell Mays, Case No. 12-20141-22-KHV). Petitioner was sentenced to a 225-month term of imprisonment for the conviction in count one and a 48-month term of imprisonment for the conviction in count three, with the sentences to be served concurrently with each other and concurrently with the sentence previously imposed upon Petitioner in state court. Id., Att. 5. The court noted in the judgment that the controlling 225-month sentence imposed upon Petitioner had been adjusted downward 22 months pursuant to § 5G1.3(b) of the United States Sentencing Guidelines ("U.S.S.G."). Id.

Petitioner was returned to state custody on July 17, 2014. Id., Ex. 1 (Crook Declaration), Att. 4 (USM-129 Data). Petitioner completed his state sentence and was then remanded to BOP custody on March 17, 2015, pursuant to a federal detainer to serve the remainder of his federal sentence. Id., Att. 4.

Upon Petitioner's motion pursuant to 18 U.S.C. § 3582(c)(2) for a reduction of sentence, Petitioner's sentence on count one was reduced from a 225-month term of imprisonment to a 180-month term of imprisonment. Id., Ex. 1 (Crook Declaration), Att. 6 (Order on Sentence Reduction).

Petitioner alleges in his Petition that the sentencing court ordered at the time of his sentencing that Petitioner be awarded 22 months of presentence custody credit. Petitioner contends that the Bureau of Prisons ("BOP") has failed to calculate his sentence properly with the 22 months of presentence custody credit as granted by the sentencing court and that he is therefore entitled to federal habeas relief in the form of a recalculation of his federal sentence to correct this error.

Petitioner appears to be challenging both (1) the computation of his sentence pursuant to 18 U.S.C. § 3585(b) and (2) the imposition of his sentence pursuant to the United States Sentencing Guidelines ("USSG") § 5G1.3(b). Petitioner does not seek relief concerning the imposition of his federal sentence, however. Petitioner directs his request for relief to the BOP and requests that the BOP be ordered to recalculate his federal sentence to award the presentence custody credit as intended by the sentencing court.

The uncontroverted record shows that at the time of Petitioner's sentencing the sentencing court adjusted Petitioner's sentence downward 22 months under USSG § 5G1.3(b). Section 5G1.3(b) provides, in relevant part, that "the court shall adjust the sentence for any period of imprisonment already served on the undischarged term of imprisonment if the court determines that such period of imprisonment will not be credited to the federal sentence by the [BOP]." USSC

4

§5G1.3(b). The BOP has determined that Petitioner's federal sentence commenced on May 15, 2014, the date his sentence was imposed, and has calculated Petitioner's federal sentence without "prior credit time." Id., Ex. 1 (Crook Declaration), Att. 7 (Public Information-Inmate Data as of 11-07-2016); Petition, Att. 1, at 7 (Response to Request for Administrative Remedy # 8610666-F1).

"The computation of a federal sentence requires consideration of two separate issues. Initially, [the reviewing court must] determine the commencement date of the federal sentence and then turn to the extent to which a defendant can receive credit for time spent in custody prior to commencement of sentence." Binford v. United States, 436 F.3d 1252, 1254 (10th Cir. 2006). Once a federal sentence has commenced, "the Attorney General, through the BOP, has the responsibility for administering the sentence." United States v. Wilson, 503 U.S. 329, 335 (1992). This authority extends to the computation of jail-time credit under 18 U.S.C. §3585(b), which authorizes credit for time spent in custody that "has not been credited against another sentence." Id. at 333-35 (holding "§ 3585(b) does not authorize a district court to compute the [jail-time] credit at sentencing").

Assuming the truth of Petitioner's assertion that he had been in custody for 22 months prior to his federal sentencing, the sentencing court's downward adjustment of his federal sentence under U.S.S.G. § 5G1.3(b) accounted for that pre-sentence

5

custody. The sentencing court had no authority to grant Petitioner prior custody credit under § 3585(b).

Credit under 18 U.S.C. § 3585(b) is only available for "a term of imprisonment for any time . . . spent in official detention prior to the date the sentence commences . . . as a result of the offense for which the sentence was imposed . . . that has not been credited against another sentence." Petitioner has been advised by BOP that "[y]ou have received the 22 months [credit] you request" through the sentencing court's downward departure under U.S.S.G. § 5G1.3(b) and BOP has determined his "federal sentence commenced on May 15, 2014, the date of imposition." Petition, att. 1, at 9. Petitioner has not shown that BOP abused its authority under 18 U.S.C. § 3585(b) in calculating Petitioner's sentence.

Because Petitioner is not entitled to the habeas relief he requests, the Petition should be denied.[3]

## RECOMMENDATION

Based on the foregoing findings, it is recommended that the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 be denied. The parties are advised

---

[3] The Court should decline to dismiss Petitioner's habeas action on the ground of nonexhaustion, as asserted by Respondent, because the habeas action may be denied on its merits. See 28 U.S.C. § 2254(b)(2).

6

of their respective right to file an objection to this Supplemental Report and Recommendation with the Clerk of this Court by ___May 3rd___, 2017, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72.  The failure to timely object to this Supplemental Report and Recommendation would waive appellate review of the recommended ruling.  Moore v. United States of America, 950 F.2d 656 (10th Cir. 1991); cf. Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996)("Issues raised for the first time in objections to the magistrate judge's recommendations are deemed waived.").

This Supplemental Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter, and any pending motion not specifically addressed herein is denied.

ENTERED this ___13th___ day of ___April___, 2017.

GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE